Cite as 2025 Ark. 198

# SUPREME COURT OF ARKANSAS

No. CR–24–606

|  | | |
|---|---|---|
| FRANK WHEELER | | **Opinion Delivered:** December 4, 2025 |
| | APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR-20-240] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN R. PUTMAN, JUDGE |
| | APPELLEE | <u>DISSENTING OPINION FROM THE DENIAL OF PETITION FOR REVIEW</u>. |

**NICHOLAS J. BRONNI, Associate Justice**

I'd grant the petition for review to reconsider our precedent on whether appellate courts can review plain federal constitutional violations. From the filings below, it appears that Petitioner was convicted of two separate offenses for the same course of conduct. *Compare* Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2019) and Ark. Code Ann. § 5-14-101(1)(A) & (B) (Supp. 2019) *with* Ark. Code Ann. § 5-14-125(a)(3) (Supp. 2019) and Ark. Code Ann. § 5-14-101(11). If that's the case, then Petitioner's conviction violates the Fifth Amendment's prohibition against double jeopardy. *See Brown v. Ohio*, 432 U.S. 161, 168 (1977). Yet under this court's precedent, the court of appeals could not reach that claim because Petitioner's trial counsel raised that issue only in a motion for directed verdict rather than also raising it after judgment. *See Wheeler v. State*, 2025 Ark. App. 407, at 11–12 (citing *Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001)).

In such circumstances, our procedural rule potentially runs afoul of due process, and I'd grant the petition so that we can consider whether that's the case.  Indeed, it's not at all clear that our precedent—denying review on the ground that a defendant brought a potential constitutional problem to the trial court's attention too early—is an independent and adequate state law ground for denying review.  And rather than punt that issue to another court, I'd resolve it—and this case—now.  Anything less unnecessarily delays final resolution of this case.  I respectfully dissent.